DLD-266                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1722
_____

IN RE:  WILLIAM A. WHITE,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:03-mj-00137-1)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 25, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed: June 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Williams A. White petitions for a writ of mandamus.  White, who is currently

incarcerated, requests an order compelling the United States District Court for the Eastern

District of Pennsylvania to docket his motion to compel or, in the alternative, provide him

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

with the case number and docket sheet for an "improperly not publicly reported, and, presumably sealed, criminal matter" [sic] involving Joshua Caleb Sutter.

It appears that Sutter was arrested and charged with firearm-related offenses in the Eastern District in February 2003. See United States v. Sutter, Crim. No. 2:03-mj-00137-1; 2:03-cr-00158-ER-1 (E.D. Pa.). White alleges that Sutter spent 22 months in prison and then became a "deep-cover informant for an unlawful FBI-JTTF counter-intelligence program," where he engaged in numerous illegal activities and, notably, stole White's identity, used White's stolen identity to commit other unspecified crimes, threatened an unnamed witness who could testify to the identity theft, and conspired to murder White.

White alleges that he learned of Sutter's previous arrest in the Eastern District in August 2016, and wrote to the Clerk of Court requesting a copy of the docket and record. White did not include a case number in his initial letter, and the District Court did not respond. He filed a motion to compel in December 2016 which merely included one reference to the proceedings before the magistrate judge. After the District Court did not respond or docket his motion to compel, he petitioned this Court for a writ of mandamus.

Mandamus is an extraordinary remedy, In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994), and is appropriate only when a petitioner shows that he has (1) no other adequate means of obtaining the desired relief and (2) a "clear and indisputable" right to issuance of the writ. Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 403 (1976)).

2

White does not meet this standard.  The docket listing that White apparently seeks is available at United States v. Sutter, 2:03-cr-00158-ER-1 (E.D. Pa.).  White did not reference this number in any of his previous requests.  White may request copies from the record by contacting the Clerk's Office and paying the appropriate fee.  As White has adequate means to obtain what he seeks, the petition for mandamus is denied.